EXHIBIT 1

## **AFFIDAVIT**

STATE OF IOWA             )
                                          )
COUNTY OF BLACK HAWK )

I, Joseph C. Saunders, being first duly sworn on oath, do depose and state as follows:

1. I am currently assigned as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

2. I have been employed with the Waterloo Police Department for over 25 years. During my tenure at the Waterloo Police Department, I have been assigned to Watch I, Watch II, Watch III patrol, and as an investigator with the Law Enforcement Intelligence Network (LEIN) Region 2 Information Sharing Intelligence Unit.

3. My current assignment is as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). From June 1, 2016, until November 2016, I was working part-time with the Waterloo Federal Task Force as an ATF Task Force Officer, and, in November 2016, I was assigned full-time to the Waterloo Federal Task Force as an ATF Task Force Officer investigating violent crimes, gun crimes, and criminal organizations.

4. I have attended numerous law enforcement training classes, seminars, courses, and certifications, particularly ones involving Outlaw Motorcycle Gangs,

criminal street gangs or street level criminal organizations, narcotic investigations, LEIN training courses, and many others.

5. I started my law enforcement career in October 1989 as a civil jailer for the Buchanan County Sheriff's Office and in May of 1992 was hired as a Deputy Sheriff for the Buchanan County Sheriff's Office where I was assigned to the night shift as a road Deputy until January of 1995. In January of 1995, I was hired by the Black Hawk County Sheriff's Office and was assigned as a Jail Deputy until September of 1997.

6. I am a graduate of Hawkeye Community College in Waterloo, Iowa where I received an Associates of Applied Arts Degree in Police Science. I graduated from the Iowa Law Enforcement Academy as a certified Peace Officer in the State of Iowa.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show facts that support reasonable cause to believe that the property sought for forfeiture is forfeitable to the United States and, as to the relief sought in the complaint, does not set forth all of my knowledge about this matter.

8. Based on my training and experience, the facts set forth in this affidavit support the filing a civil forfeiture complaint for the following property (U.S. currency) seized on or about January 22, 2021, from Joshua Butler in Waterloo, Iowa. There is reasonable cause to believe that the property sought for

forfeiture is forfeitable to the United States because it is money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 et al., or money traceable to such an exchange or money used or intended to be used to facilitate any violation of 21 U.S.C. § 841 et al. and is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). The following property is subject to forfeiture to the United States:

> **One Thousand Five Hundred Dollars ($1,500.00) in United States currency seized from Joshua Butler on or about January 22, 2021, in Waterloo, Iowa,**
>
> **And**
>
> **Four Hundred Twenty-Two Dollars ($422.00) in United States currency seized from Joshua Butler on or about January 22, 2021, in Waterloo, Iowa.**

9. In January of 2021, law enforcement identified Joshua Butler as a potential target of illegal firearms trafficking, straw purchasing, the sale of illegal narcotics and the distribution of firearms to prohibited persons.

10. A review of ATF records determined Butler had purchased 44 or more firearms between October 2020 and January 2021 from Federal Firearms Licensees (FFL) in the Waterloo and Davenport, Iowa areas including Scheels Sporting Goods, Mr. Guns, Sieh Guns, Davenport Guns, and Dick's Sporting Goods in Davenport, Iowa.

11. When completing his ATF Form 4473 for each gun, Butler falsely indicated the purchase was for himself when in fact he was purchasing the firearm for another.

12. During each purchase, Butler often purchased multiple firearms at a time and rarely bought ammunition for the purchased firearms. Often, during the purchase, Butler was speaking with unknown individuals on his cellular phone as to the price which determined whether the firearm was purchased.

13. On January 22, 2021, law enforcement executed a search warrant at Butler's residence in Waterloo, Iowa. Law enforcement located multiple rounds of ammunition, a Glock firearm and magazines as well as illegal drugs and drug paraphernalia in addition to the currency subject to forfeiture. The currency subject to this affidavit was discovered in the pants pockets of Butler's pants in his bedroom and was discovered in small denominations.

14. Evidence found during the January 22, 2021, search regarding Butler's drug activity included seven burnt marijuana "roaches," 650 grams of marijuana in glass jars, a digital scale and plastic baggies, as well as 60 amphetamine pills. I am aware that a digital scale and the plastic baggies are an indication that Butler was engaged in the distribution of controlled substances. In addition, the weight of the marijuana and the number of pills suggest distribution. In addition to the significant drug weight, officers located packaging materials like glass jars and baggies as well as the digital scale suggesting drug distribution.

15. The $1,922 in currency was also that was seized from Butler is also significant because the pleadings filed by the government in preparation for Butler's upcoming sentencing reflect Butler did not have a job at the time the money was seized, and, because the money was broken up into small denominations, also consistent with drug distribution.

16. I am aware that Butler has been indicted for his illegal gun purchasing in *United States v. Joshua William Butler,* Case No. 21-CR-2020-001, United States District Court for the Northern District of Iowa and is scheduled to be sentenced as to the gun crimes on November 9, 2022.

17. I am aware that in a portion of the plea agreement, Butler agreed to forfeit and abandon any claim to the items seized from him on January 22, 2021. In addition, Butler, as part of the plea agreement, agreed to the forfeiture of money furnished or intended to be furnished by him in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 et al., or money traceable to such an exchange or money used or intended to be used to facilitate any violation of 21 U.S.C. § 841 et al. as forfeitable to the United States pursuant to 21 U.S.C. § § 853 and 881(a)(6) as proceeds of drug crimes.

18. May Putman was also a resident with Butler in Waterloo, Iowa at the residence where the search warrant was executed.

19. The currency that was seized from Joshua Butler's residence in Waterloo, Iowa is located in Black Hawk County, Iowa in the Northern District of Iowa. The currency that was seized from Butler's residence in Waterloo, Iowa is subject to forfeiture in Northern District of Iowa because of the criminal investigation and prosecution that gives rise to the forfeiture of these amounts of United States currency evolved from activities that took place in the Northern District of Iowa and subject Joshua Butler to criminal prosecution in the Northern District of Iowa.

20. I am aware based on my knowledge and experience with federal forfeiture matters as well as my discussions with those processing the federal forfeiture of this United States currency that an administrative forfeiture of this currency was started by the Bureau of Alcohol, Tobacco, Firearms and Explosives pursuant to 18 U.S.C. § 983. Notice was sent by ATF to May Putman via United States Postal Service.

21. I am aware that on or about August 8, 2022, May Putman filed a claim to the $1,500.00 and $422.00 in US currency causing ATF to refer the forfeiture to the United States Attorney's Office for the Northern District of Iowa to commence a judicial forfeiture action. Joshua Butler filed no claim with ATF as to the money seized from him.

Based on the above-foregoing facts and circumstances, your affiant believes that this affidavit sufficiently details facts to support reasonable cause to believe that the following property is subject to seizure and forfeiture:

> **One Thousand Five Hundred Dollars ($1,500.00) in United States currency seized from Joshua Butler on or about January 22, 2021, in Waterloo, Iowa,**
>
> **And**
>
> **Four Hundred Twenty-Two Dollars ($422.00) in United States currency seized from Joshua Butler on or about January 22, 2021, in Waterloo, Iowa.**

These items are subject to forfeiture, pursuant to Title 21, United States Code, Section 881(a)(6), as money furnished or intended to be furnished by Butler in exchange for a controlled substance or listed chemical in violation of 21 U.S.C.

§ 841 et al., or money traceable to such an exchange or money used or intended to be used to facilitate any violation of 21 U.S.C. § 841 et al. and is forfeitable to the United States pursuant to 21 U.SC. § 881(a)(6) as proceeds of drug crimes.

Executed this 7 day of November, 2022.

Joseph C. Saunders
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Subscribed and sworn to before me on this 7 day of November, 2022, by ATF Task Force Officer Joseph C. Saunders.



Notary Public
In and for the State of Iowa

My Commission Expires: 10-20-24